UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BEAZLEY INSURANCE COMPANY, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:18-CV-01689-AGF |
| BROWN & JAMES, P.C., et al., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file. The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006).

The complaint in this case asserts that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different states and the amount in controversy exceeds $75,000. The complaint alleges that Plaintiffs are "a Connecticut and foreign corporation, respectively, with offices in New York," Defendant Brown & James, P.C. is a "Missouri professional corporation with its principal place of business in St. Louis, Missouri," individual Defendants Joseph R. Swift and the Honorable William Ray Price, Jr. "live[] and work[] in Missouri," and Defendant

Armstrong Teasdale, LLP is a "Missouri limited liability partnership with its principal place of business in St. Louis, Missouri." ECF No. 24 at 9-10.

Plaintiffs apparently assume that a limited liability partnership is treated like a corporation and thus is a citizen of its state of organization and its principal place of business. *See* 28 U.S.C. § 1332(c)(1). That is incorrect. Rather, a limited liability partnership is a citizen of every state of which its partners are citizens. *See, e.g., Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Caren v. Collins*, 689 F. App'x 75, 76 (2d Cir. 2017) ("For purposes of diversity jurisdiction, a limited partnership has the citizenship of each of its general and limited partners."); *Antonacci v. City of Chicago*, 640 F. App'x 553, 556 (7th Cir. 2016) (holding that for diversity jurisdiction, "[i]t is the citizenship of each member of an LLC or an LLP that must be assessed"). Further, several circuits have concluded that if a partnership has among its partners any American citizen who is domiciled abroad, the partnership cannot sue or be sued in federal court based upon diversity jurisdiction. *See, e.g., Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 183 (3d Cir. 2008).

Thus, in order to determine whether complete diversity of citizenship exists in this case, the Court must examine the citizenship of each general and limited partner of Armstrong Teasdale, LLP. *See Winbco Tank Co. v. Fagen, Inc.*, No. 415CV00191SMRHCA, 2015 WL 13064936, at *1 (S.D. Iowa July 13, 2015) ("In other words, citizenship of any member LLC, LLP, or LP must be detailed through all layers."). The complaint contains no allegations concerning the partners of this Defendant, or their citizenship.

2

The Court also notes that its Local Rules require every non-governmental organizational party in a civil case to file a Disclosure of Organizational Interests Certificate, and if the party is a limited liability partnership, the certificate "must identify each member of the subject organization and each member's state of citizenship." Local Rule 3-2.09(B)(2). Local Rule 3-2.09's stated intent is, in part, to "confirm jurisdiction is proper." *Id.*

Armstrong Teasdale, LLP filed a corporate disclosure form in this case while the case was pending in the United States District Court for the Southern District of New York. ECF No. 56. However, the form does not include the information required by this Court's Local Rules. Therefore, the Court will require Armstrong Teasdale, LLP to file a supplemental Disclosure of Organizational Interest. While the Court will not require Armstrong Teasdale, LLP to list every partner's state of citizenship, it will require this Defendant to disclose whether any partner is a citizen of Connecticut or New York, or is a United States citizen domiciled abroad, so that the Court may confirm jurisdiction is proper.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that within **seven (7) days from the date of this Order**, Defendant Armstrong Teasdale, LLP shall file a supplemental Disclosure of Organizational Interests that discloses whether any partner is a citizen of Connecticut or New York, or is a United States citizen domiciled abroad.

**IT IS FURTHER ORDERED** that the Rule 16 conference previously set for January 16, 2019 is **CANCELED**, to be rescheduled if appropriate upon confirming whether the Court has subject matter jurisdiction.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 10th day of January, 2019.