UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BEAZLEY INSURANCE COMPANY, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:18-CV-01689-AGF ) |
| BROWN & JAMES, P.C., et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' motions (ECF Nos. 117 & 122) for protective orders to limit the number and/or scope of depositions that Plaintiffs seek to take in this case. On July 26, 2019, the Court held a telephone conference with the parties regarding these motions, and for the reasons discussed during that telephone conference, the Court stayed the Case Management Order's deadlines with respect to expert reports and expert depositions while the parties attempted to resolve the discovery disputes. ECF No. 125. The parties have now reported to the Court that they were unable to resolve the disputes. Accordingly, the Court will now lift the stay and ask the parties to meet and confer regarding new deadlines for expert reports and expert depositions. For the reasons set forth below, the Court will also grant in part and deny in part Defendants' motions.

## BACKGROUND

In this action, Plaintiffs Beazley Insurance Company, Inc. and Beazley Underwriting Ltd. on behalf of Certain Underwriters at Lloyd's, London, doing business as Syndicate 2623

(collectively "Beazley") allege that their former attorneys, Defendants Brown & James, P.C. and Joseph R. Swift (collectively "Brown & James"), and Armstrong Teasdale, LLP and William Ray Price (collectively "Armstrong"), provided negligent representation in connection with a lawsuit for personal injuries by Jean-Robert Nast against Beazley's insured, Gateway Ambulance Service, LLC ("the Nast Litigation"). On May 29, 2019, the Court dismissed, for failure to state a claim, all but Beazley's unjust enrichment claims against both Defendants. ECF No. 107. The Court held that Beazley failed to adequately allege causation with respect to the other claims. *Id.*

The remaining unjust enrichment claims are based on Beazley's allegation that Defendants were unjustly enriched "by charging Beazley for legal fees and costs, yet failing to properly handle and defend the Nast Litigation." ECF No. 97 ¶¶ 146, 148. In its May 29, 2019 Memorandum and Order, the Court expressed doubt as to the viability of the unjust enrichment claims. In particular, the Court noted that Beazley had not cited any Missouri case permitting a plaintiff to recover attorneys' fees under an unjust enrichment theory of this type. ECF No. 107 at 19. But the Court concluded that Beazley's unjust enrichment claims could go forward on an equitable fee-forfeiture theory, noting that Missouri law provided for forfeiture of attorneys' fees as an equitable remedy for an attorney's "clear and serious" violation of duty to a client. *Id.*

The Court noted that whether an attorney's breach was egregious enough to require forfeiture turned on considerations such as "the gravity and timing of the violation, its willfulness, its effect on the value of the lawyer's work for the client, any other threatened or actual harm to the client, and the adequacy of other remedies." *Id.* (citing Restatement (Third) of the Law Governing Lawyers § 37 (2000)). The Court then held that the facts alleged by Beazley may be insufficient to justify forfeiture, but because the question was fact-specific, the Court permitted the claims to go forward. *Id.*

In light of the foregoing, Defendants have now moved to limit the scope of Beazley's depositions in this case. In particular, Brown & James seeks to preclude Beazley from deposing two Brown & James attorneys, Joseph R. Swift and T. Michael Ward. Swift, a named Defendant in this case, was the Brown & James attorney whom Beazley alleged breached his fiduciary duties of loyalty and care in connection with his handling of the Nast Litigation. Ward is the managing partner of Brown & James and did not represent Beazley or have any involvement in these matters except that Swift at one time spoke to Ward about the events giving rise to Swift's alleged breach.[1]

Brown & James argues that the proposed depositions are not proportional to the needs of the case in light of the minimal amount of its attorneys' fees (alleged to be $16,338.39), at issue in the remaining fee-forfeiture claim against Brown & James. Brown & James further argues that the depositions are duplicative of information already in Beazley's possession. In particular, Brown & James asserts that it has already produced to Beazley its entire file concerning the Nast Litigation, and that Beazley already deposed Swift in a state-court garnishment action arising out of the Nast Litigation. The prior deposition took place on July 5, 2017, lasted for 10 hours, and covered topics such as Swift's alleged conflict of interest and breach of candor in connection with his representation of Beazley in the Nast Litigation. The attorneys who represented Beazley at that time and who took Swift's deposition are not the same attorneys representing Beazley in the instant action. However, Brown & James argues that there is no relevant ground to cover in a new deposition of Swift that was not already covered in the prior deposition. Moreover, Defendants have agreed that Beazley may use the transcript of the prior deposition of Swift as

---

[1] Beazley asserts that it wishes to "question [Ward] about these conversations." ECF No. 121 at 9. It is not clear when these conversations took place, and Beazley has not suggested that it wishes to depose Ward about any other topic.

3

though it was taken originally in this case.

As to Ward, Brown & James argues that, although Ward was not previously deposed, his only involvement in the matters at issue was a conversation with Swift. And Swift described this conversation in his July 5, 2017 deposition. Therefore, Brown & James argues that a deposition of Ward regarding this conversation would be disproportionate to the needs of the case. Brown & James seeks to preclude Beazley from deposing Swift or Ward, and also seeks a protective order directing that Beazley not be permitted to depose any other Brown & James attorneys without articulating what issues require that a deposition be taken.

Armstrong has likewise moved to limit the number and scope of depositions. Beazley seeks to take the depositions of the lead Armstrong attorney who worked on the Nast Litigation, Price (also a named Defendant), as well as two associates who worked with Price, one of whom no longer works for Armstrong and has moved to California. Armstrong contends that the underlying facts of Beazley's claim with respect to Armstrong are not in dispute, as Armstrong admitted that it missed a procedural deadline during its representation of Beazley in the Nast Litigation.

Armstrong asserts that, according to Beazley's complaint, Armstrong's actions were, at the most, negligent. Thus, Armstrong maintains that Beazley's "expressed intention to depose current and former Armstrong Teasdale attorneys regarding their 'states of mind' during the Nast engagement and other broad topics such as involvement in prior malpractice litigation, continuing legal education, and internal use of calendaring programs is neither proportional to the needs of the case nor relevant to Beazley's fee forfeiture claim." ECF No. 122 at 2. Armstrong seeks to prohibit the depositions or, alternatively, to limit deposition discovery to one Armstrong attorney in St. Louis and to specific topics that the Court finds relevant and

proportional to the needs of the fee-forfeiture claim, not including any state-of-mind discovery. Beazley opposes both motions.

## DISCUSSION

Upon careful consideration of the parties' arguments in light of the proportionality concerns set forth in Federal Rule of Civil Procedure 26, the Court will grant in part and deny in part both motions.

As to Brown & James's motion, the Court will not quash Beazley's noticed depositions of Swift or Ward. However, in light of the previous deposition of Swift, which Brown & James has agreed may be used as if taken originally in this litigation and which admittedly covered several of the topics Beazley wishes to explore with Swift, the Court will limit Beazley's deposition of Swift to three hours. The Court further cautions Beazley not to repeat matters reasonably covered in the prior deposition. The Court will limit Beazley's deposition of Ward to one hour, which is more than a sufficient amount of time in light of Ward's admittedly limited knowledge of the issues. The Court will otherwise deny Brown & James's motion.

With respect to Armstrong's motion, the Court will limit Beazley's noticed depositions to a single deposition of Price. Price is still employed by Armstrong and is located in St. Louis. The Court will not limit the topics to be addressed at this deposition. However, the Court will limit the length of this deposition to four hours, which is more than sufficient time to cover any remaining relevant issues.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motions for a protective order are **GRANTED in part and DENIED in part**, as set forth above.  ECF Nos. 117 & 122.

**IT IS FURTHER ORDERED** that the stay previously imposed with respect to the Case Management Order's deadlines for expert reports and expert depositions is **LIFTED**.

**IT IS FURTHER ORDERED** that the parties shall meet and confer and, no later than **August 29, 2019**, shall file a joint proposed scheduling plan with amended deadlines for expert reports and expert depositions. No extensions of the other deadlines will be permitted absent a showing of good cause.

                                                  AUDREY G. FLEISSIG
                                                  UNITED STATES DISTRICT JUDGE

Dated this 22nd day of August, 2019.